UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANNAZ JABBARI,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>  Defendants. | Case No. 21-cv-01784-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

Tannaz Jabbari, without representation by an attorney, brings this civil rights action against County of San Mateo ("County"), San Mateo County Sheriff Carlos Bolanos ("Sheriff Bolanos") and DOES 1-4. (Dkt. No. 1.) Having granted Ms. Jabbari's application to proceed *in forma pauperis*, (*see* Dkt. No. 4), the Court now screens the complaint pursuant to 28 U.S.C. § 1915.

**COMPLAINT ALLEGATIONS**

Ms. Jabbari alleges various constitutional violations during her booking and 23-day incarceration at San Mateo County Jail. On October 20, 2020, during Ms. Jabbari's booking as a pretrial detainee, "a jail personnel startled [Ms. Jabbari] by taking a thermometer laser gun to [her] head," even though Ms. Jabbari did not consent to the temperature scan. (Compl. ¶ 10.)[1] Afterwards, DOES 1-4 "forcefully attacked Plaintiff, pinning her down while twisting her arm to forcefully scan Plaintiff's temperature." (*Id*. ¶ 11.) "Although Plaintiff was not resisting[, DOES 1 and 2] proceeded to drag Plaintiff and twist and mangle Plaintiff's arms and hands while ripping off her clothes." (*Id*. ¶ 12.) One of the DOES 1-4 removed Ms. Jabbari's prescribed glasses, "leaving [her] virtually blind." (*Id*.) DOES 1 and 2 "forcefully snapped Plaintiff's hands

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

backwards crushing the bones in Plaintiff's hands" and subsequently "drag[ged] Plaintiff to their desk, and continued to forcefully and violently twist and crush Plaintiff's hands in order to sign some papers that Plaintiff was not able to see." (*Id*.)

DOES 1-4 took Ms. Jabbari for a pulse and blood pressure check without her consent. (*Id*. ¶ 13.) Ms. Jabbari had bruises on her arms, wrists, hands, and other areas of her body, and had swollen hands that were "extremely painful to move or touch." (*Id*.) Ms. Jabbari asked the officers for medical care and photos of her injuries for her lawyer, which the officers did not perform. (*Id*.) "The officers locked Plaintiff in a cell with a broken or turned off phone." (*Id*.) Ms. Jabbari alleges that the officers knew the phone did not work because a neighboring inmate had a similar complaint and the officers "mocked him for not getting to make a phone call." (*Id*.) Later that day, Ms. Jabbari was "placed on lockdown in solitary confinement." (*Id*. ¶ 14.) The next day, a correctional officer canceled Ms. Jabbari's arraignment date because Ms. Jabbari did not consent to a temperature check nor COVID-19 test. (*Id*.) "Plaintiff was informed by the sergeant on duty that solely upon submitting to San Mateo county jail's Covid-19 test among other medical procedures, the Defendants would stop denying Plaintiff her rights to make a phone call and appear in her scheduled arraignment [] without unnecessary delay." (*Id*. ¶ 15.)

After Ms. Jabbari requested medical care because she was severely ill and vomiting, a nurse "demanded that Plaintiff put on a face mask in her cell." (*Id*. ¶ 16.) Putting on a face mask is against Ms. Jabbari's religious beliefs and poses a health risk. (*Id*.) The nurse said that Ms. Jabbari could not go to the clinic because of the face mask requirement and "she was going to lie that Plaintiff refused care." (*Id*.) Ms. Jabbari alleges that she did not receive medical treatment until the eighth day. (*Id*.)

Without a hearing, witness, or explanation, on October 22, 2020, Ms. Jabbari received a 21-day lockdown disciplinary charge for not wearing a face mask and submitting to a COVID-19 test. (*Id*. ¶ 17.) The officer at San Mateo County Jail cancelled Ms. Jabbari's second arraignment hearing and told her she could not appear in court over Zoom or telephone unless she took a COVID-19 test. (*Id*. ¶ 19.) During Ms. Jabbari's 21-day lockdown, she became ill, was not eating, and became severely dehydrated. (*Id*. ¶ 20.) After an IV treatment was administered on

Ms. Jabbari's "nearly collapsed veins," she "suffer[ed] extreme hypothermia and shivering among other consequences." (*Id.* ¶ 21.) When Ms. Jabbari asked for a blanket, "the nurse told Plaintiff to ask [] for help when 'you change your mind' about putting on a mask." (*Id.*)

For her third arraignment hearing "on or about October 30, 2020," Ms. Jabbari's attorney asked the correctional officer on duty for Ms. Jabbari to participate via telephone. (*Id.* ¶ 22.) At the hearing, the charges were withdrawn, and Ms. Jabbari was released.

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).

While a court must construe an unrepresented plaintiff's complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by counsel remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a). Upon dismissal, self-represented plaintiffs proceeding *in forma pauperis* must be given leave "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

3

**DISCUSSION**

Ms. Jabbari pleads claims for relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. There are numerous theories for her Section 1983 claim including: excessive force, denial of telephone call, denial of arraignment without unnecessary delay, denial of access to courts and counsel, denial of adequate medical care, denial of right to refuse medical treatment, and denial of due process in a disciplinary proceeding. Ms. Jabbari's Section 1983 claims are adequately pled to satisfy Section 1915 review; however, Ms. Jabbari's Section 1985 claim is not adequately pled.

### 1. Plaintiff's Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Ms. Jabbari alleges that even though she did not consent to a temperature scan, DOES 1-4 "forcefully attacked Plaintiff, pinning her down while twisting her arm to forcefully scan Plaintiff's temperature." (Compl. ¶ 11.) Additionally, "[d]ue to [a] faulty IV treatment, Plaintiff became very cold in the solitary confinement cell" and when she asked for a blanket the nurse told her to "ask [] for help when 'you change your mind' about putting on a mask." (*Id.* ¶ 21.) Ms. Jabbari alleges that Defendants County and Sheriff Bolanos authorized, adopted, and promulgated a policy that denied Ms. Jabbari her arraignment hearing, subjected her to solitary confinement, and did not permit a telephone call because she did not submit to a COVID-19 test, temperature check, or wear a mask. (*Id.* ¶ 15, 19.) She could not "appear for court, even virtually over a Zoom or Phone call, unless she subjected herself to their Covid-19 test." (*Id.* ¶ 19.) These allegations are more than "naked assertion[s]," *Iqbal*, 556 U.S. at 678; therefore, the Section 1983 claims in the complaint are sufficient to satisfy Section 1915 review. This conclusion is for purposes of sua sponte section 1915 review only and is without prejudice to Defendants moving to dismiss.

### 2. Plaintiff's Section 1985 Claim

Ms. Jabbari's Section 1985 claim is not adequately pled. Section 1985(3) prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of

4

the law. A cause of action under 42 U.S.C. § 1985(3) requires the plaintiff to show some racial or class-based discrimination, *see Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), which Ms. Jabbari does not allege. Accordingly, the Section 1985 claim does not survive Section 1915 screening.

## CONCLUSION

1. For the reasons described above, the Section 1985(3) claim does not survive Section 1915 review.

   - If Ms. Jabbari wishes to proceed with her Section 1985(3) claim she must file an amended complaint on or before **August 16, 2021** that includes allegations to further support her claim.
   - If Ms. Jabbari does not wish to pursue the Section 1985(3) claim, then by **August 16, 2021** she shall file an amended complaint that eliminates the Section 1985(3) claim.
   - Plaintiff is informed that the Court cannot refer to prior pleadings to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the amended complaint should contain all the defendants, claims, and specific factual allegations that Plaintiff wishes to put before the Court.

2. If Ms. Jabbari files an amended complaint that eliminates the Section 1985(3) claim, the Court will order service on Defendants of the amended complaint that alleges the Section 1983 claims. If Ms. Jabbari files an amended complaint that includes an amended Section 1985(3) claim, the Court will screen the amended claim pursuant to 28 U.S.C. § 1915.

3. The Court encourages Ms. Jabbari to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. In light of the ongoing COVID-19 pandemic, Ms. Jabbari should make a telephone appointment by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: July 19, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge